CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 22 2006

JOHN F. CORCORAN, CLERK
BY: /s/ Linda Bright
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FERN DUMIRE, for B.D.<br>                Plaintiff,<br><br>v.<br><br><br>JOANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL SECURITY,<br>                Defendant. | Civil Action No. 7:05cv00746<br><br><br><br>By: Hon. Michael F. Urbanski<br>     United States Magistrate Judge |

## MEMORANDUM OPINION

Plaintiff Fern Dumire ("Dumire"), the grandmother of the minor child, B.D., brought this action pursuant to 42 U.S.C. § 1383(c)(3), incorporating 42 U.S.C. § 405(g), for a review of the final decision of the Commissioner of Social Security denying the claim for child's supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to the undersigned Magistrate Judge's jurisdiction over this matter, and the case is before the court on cross motions for summary judgment. Having reviewed the record and after briefing and oral argument, the case is now ripe for decision. Because the Commissioner's decision was supported by substantial evidence and was legally correct, defendant's motion for summary judgment must be granted and this appeal dismissed.

### I.

Dumire claims disability for her grandchild, B.D., since her birth due to vision and hearing difficulties and functional limitations. (Administrative Record, hereinafter "R." at 65) Dumire disputes the administrative law judge's ("ALJ") finding that B.D. was not disabled because she does not have marked limitations in two domains of functioning. (R. 19) Dumire

argues that the medical record establishes that B.D. has marked limitations in the domain of acquiring and using information and in the domain of attending and completing tasks. In the alternative, Dumire requests that the court remand this case to the Commissioner for consideration of new evidence under sentence six of 42 U.S.C. § 405(g) as subsequent to the administrative hearing, B.D. was diagnosed with Attention Deficit Disorder ("ADD") and Oppositional Disorder.

## II.

A child under the age of eighteen is considered to be "disabled" for purposes of eligibility for a child's SSI if he has a medically determinable physical or mental impairment which results in marked and severe functional limitation, and which has lasted or can be expected to last for a continuous period of at least twelve (12) months, or results in death. 42 U.S.C. § 1382c(a)(3)(C)(I). In determining whether a child is eligible for child's SSI on the basis of disability, a three-step sequential evaluation process is followed. 20 C.F.R. § 416.924.

First, it must be determined whether the child is engaging in substantial gainful activity. 20 C.F.R. § 416.924(b). If not, it must then be determined whether the child suffers from a severe impairment or combination of impairments. 20 C.F.R. § 416.924(c). If the child suffers from a severe impairment or combination of impairments, it must then be determined whether the child's impairment meets, medically equals, or functionally equals an impairment listed in the Listing of Impairments at 20 C.F.R. pt. 404, subpt. P, app. 1. 20 C.F.R. § 416.924(d).

Functional equivalence is defined as an impairment of listing-level severity; for example, it must result in "marked" limitations in two domains of functioning, or result in an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). There are six domains of functioning

assessed in determining functional equivalence: (1) acquiring and using information; (2) attending to and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) ability to care for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

The ALJ found that B.D has not engaged in substantial gainful activity and that her vision and hearing impairments are severe. (R. 19) However, the ALJ found that B.D.'s impairments did not meet or medically equal a listed impairment. (R. 16) The ALJ next considered if B.D.'s impairments were functionally equivalent to a listing, employing the six (6) domains of functioning. Based on the record, the ALJ found that B.D. had no limitations in acquiring and using information, interacting and relating with others, and moving about and manipulating objects, and B.D. had less than "marked" limitations in attending and completing tasks, self-care, and health and physical well-being.

### III.

B.D. argues that the ALJ erred in finding that she did not have marked limitations in acquiring and using information and attending and completing tasks due to her severe hearing and visual impairments.

Judicial review of disability cases is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that the plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is such relevant evidence which, when considering the record as a whole, might be deemed adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

At the time of the administrative hearing, B.D. was seven years old and had just completed the first grade. (R.15, 138) Although B.D. suffers from mild to moderate sensorineural hearing loss, she has been fitted with bilateral hearing aids and her treating audiologist, Carrie Miller, has determined that B.D. now has excellent speech discrimination in both ears. (R. 172, 174-75, 245-46, 250, 248) There is no evidence in the record suggesting B.D.'s visual limitations have caused any severe functional limitations. (R. 254)

B.D.'s treating physician, Dr. Desai, indicated she has normal cognitive, speech, language, social, and emotional development, but at times had trouble expressing herself. (R. 213, 215, 228) Additionally, Dr. Desai noted that B.D. had increased motor activity when not cognitively engaged. (R. 213) Consistent with that opinion, the state agency reviewing physician, Dr. Surrusco, found that B.D. had no limitations in acquiring and using information and moving about and manipulating objects, and less than marked limitations in attending and completing tasks, interacting and relating with others, and caring for herself. (R. 199-200)

Further, B.D.'s hearing and visual limitations have not markedly impacted her academic achievement. Her scholastic record indicates that she received a satisfactory grade in all aspects of classroom learning in kindergarten and was at grade level in reading and mathematics. (R. 131) Similarly, her record indicates she completed the first grade, receiving an A in spelling, a C in English, and a B in mathematics and she performing satisfactorily in all other aspects of classroom learning. (R. 131, 138) B.D.'s January, 2005 Otis-Lennon School Ability Test indicated that B.D.'s verbal comprehension, verbal reasoning, pictorial reasoning, and figural reasoning were average in comparison to students of the same age and in comparison to students in the same grade. (R. 107)

Moreover, though B.D.'s kindergarten teacher, Crystal Hurd, indicated B.D. had a problem in acquiring and using information and attending and completing tasks, she found that B.D. only had a "little more difficulty in listening and attending to tasks that what [she] expect[s] from [her] kindergarten students." (R. 98-104) Similarly, although B.D.'s first grade teacher, Ms. Wajciechowski, indicated that B.D. had some difficulty in attending and completing tasks, she found that B.D. did well academically, completed her classroom assignments, and was on grade level as to her reading, math and written language skills. (R. 120-21, 139, 140) Ms. Wajciechowski also found B.D. did not have any difficulties in the domain of acquiring and using information, nor any other domain. (R. 140)

Brenda Boyce-Goulart, LPC, B.D.'s counselor at Family Service of Roanoke Valley, reported on April 7, 2004 that B.D. did not have any limitations in learning, motor functioning, performance of self-care activities, communicating, socializing, or completing tasks. (R. 177) Vicki Wells, LPC, continued to counsel B.D following her initial counseling sessions with Boyce-Goulart. (R. 276) During an exam in August, 2004, Wells noted B.D. appeared task oriented and did not waver from completing that task. (R. 269) B.D.'s attention span remained short on September 20, 2004. (R. 272)

The ALJ's determination that there were insufficient limitations in the domain of acquiring and using information and in the domain of attending and completing tasks domains is amply supported. Although B.D. has visual and hearing impairments which affect her daily life, it is clear there is substantial evidence to support the ALJ's findings and conclusion that B.D. did not meet the required criteria for disability. As it is not the function of the court to substitute its judgment for that of the Commissioner, where, as here, the decision of the Commissioner is

supported by substantial evidence, the Commissioner's decision must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## IV.

In the alternative to finding that the ALJ erred, B.D. requests that the court remand this matter under sentence six of 42 U.S.C. § 405(g) for consideration of new evidence. Sentence six applies specifically to evidence not incorporated into the record by either the ALJ or the Appeals Council. The court may remand a case under sentence six to the Commissioner upon a showing of new, material evidence, and when good cause exists for the failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g); Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).

A reviewing court may remand a case to the Commissioner on the basis of newly discovered evidence only if the following four prerequisites are met: (1) the evidence must relate back to the time the application was first filed, and it must be new, not merely cumulative; (2) the evidence must also be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant must present to the remanding court at least a general showing of the nature of the new evidence. Borders, 777 F.2d at 955; see also Wilkins v. Sec'y, Dep't Health & Human Servs., 953 F.2d 93, 96 (4th Cir.1991).

B.D. seeks to introduce evidence which establishes that on September 13, 2005, after her SSI determination, Dr. Desai diagnosed B.D. with Attention Deficit Disorder without Hyperactivity and Oppositional Disorder and prescribed Strattera. (R. 148-59) Though B.D. has

provided the evidence to be considered on remand and the court understands its nature, the evidence is new, and there is good cause for the failure to present this evidence to the Commissioner due to its development subsequent to the SSI determination, the evidence is not material, thus a remand is not warranted. See Borders, 777 F.2d at 955.

The record establishes that as early as July, 2002, B.D.'s behavior and activity level were diagnosed at the upper end of the acceptable range and would need to be monitored as she gets older. (R. 213) B.D.'s kindergarten and first grade teachers both indicated limitations in B.D.'s attention span and focus. (R. 99, 141) Further, B.D.'s counselor indicated B.D. exhibited signs of ADD and had a short attention span. (R. 265-66, 269, 272.) Accordingly, at the time of the administrative hearing, B.D. exhibited significant symptoms of ADD which were fully documented in the record by her treating physicians, her teachers, and her counselors. Thus, despite the lack of a formal diagnosis of ADD, all of the symptoms of B.D.'s condition and the limitations thereby imposed were amply documented in the record at the time the ALJ rendered his decision. As such, the court finds that a formal diagnosis of ADD would not have reasonably impacted the ALJ's decision in this matter as the ALJ already considered in his decision B.D.'s attention seeking behavior and the counseling she received for this condition. (R. 16, 258-76) Thus, a sentence six remand is not warranted and the decision of the ALJ is affirmed.

## V.

For the reasons stated above, the court affirms the final decision of the Commissioner and grants the defendant's motion for summary judgment.

In affirming the final judgment of the Commissioner, the court does not suggest that B.D. is totally free of all physical and mental limitations. Rather, the court finds that the objective

medical record and evidence from B.D.'s teachers and counselors simply fails to document the existence of any condition which would reasonably be expected to result in total disability for all forms of substantial gainful employment. It appears that the ALJ properly considered all of the objective and subjective evidence in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence. Defendant's motion for summary judgment must be granted.

The Clerk of the Court is hereby directed to send a certified copy of the Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 22nd day of September, 2006.

Michael F. Urbanski
United States Magistrate Judge